IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL HALL, #B-40832,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-539-GPM |
| | ) |
| **JOHN GARDENER a/k/a** | ) |
| **JOHN GARDNER,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff, Michael Hall, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**The Complaint**

Plaintiff Michael Hall states that on December 3, 2008, he visited Defendant Gardener, the prison dentist, to have a diseased tooth extracted. Plaintiff claims that the Defendant extracted the wrong tooth, even after Plaintiff pointed out the tooth that needed to be pulled. Defendant then extracted a second tooth, the one that Plaintiff intended for him to pull. Plaintiff also claims that Defendant caused him pain by improperly injecting medication into his gum, and claims that Defendant falsified his dental records to cover up his error of pulling the wrong tooth. Plaintiff filed a grievance over the incident, which was denied by the Administrative Review Board on October 5, 2009. Plaintiff filed this action on July 20, 2010.

**Discussion**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, mere dissatisfaction with a particular course of treatment, or even malpractice, does not amount to a claim for deliberate indifference, and a

prisoner's self-serving opinion of the quality of treatment is insufficient to raise the claim. *See Snipes v. DeTella,* 95 F.3d 586, 592 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Medical and dental malpractice or negligence claims are not actionable in a civil rights case, and "are questions of tort, not constitutional law." *Snipes*, 95 F.3d at 591; *see also McGowan v. Hulick*, 612 F.3d 636, 641-42 (7th Cir. 2010) (affirming dismissal of dental deliberate indifference claim against defendant Gardner for alleged botched tooth extraction; no Eighth Amendment claim was stated despite plaintiff's allegations he endured excruciating pain, and that defendant Gardner used an ice pick to remove tooth splinters from his gums).[1] A physician's chosen course of treatment for a prisoner may be ineffective, and may even amount to gross negligence or medical malpractice, but malpractice alone does not rise to the level of constitutional deliberate indifference to an inmate's medical needs. *See Estelle,* 429 U.S. at 106; *McGowan*, 612 F.3d at 640; *Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000); *Snipes*, 95 F.3d at 590-91.

Plaintiff's complaint alleges that the treatment he received from the Defendant was improper, and may have amounted to negligence, if not malpractice. However, Plaintiff does not allege any failure by the Defendant to provide treatment for a serious medical need, and therefore does not make out a claim for any violation of his constitutional rights.

Because the Defendant provided Plaintiff with treatment for his dental problems, though he would have preferred different treatment, Plaintiff's claim for deliberate indifference for failing to provide desired care must be dismissed with prejudice for failure to state a claim.

**Pending Motions**

Plaintiff's Motion for Leave to Proceed In Forma Pauperis, and his Motion for Appointment of Counsel have previously been denied**.** Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.

---

[1] The Seventh Circuit in *McGowan* affirmed this Court's dismissal of the claim against defendant Gardner, but remanded the case for further proceedings on the deliberate indifference claim against defendant Cowan, the prison dental director who allegedly caused serious delay in treating plaintiff's later complications from the tooth extraction.

*See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**Disposition**

  **IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state any claim upon which relief may be granted, and it is thus **DISMISSED** with prejudice. This dismissal shall count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).

  The Clerk shall **CLOSE THIS CASE**.

  **IT IS SO ORDERED.**

  DATED: 2/9/2011

                s/ *G. Patrick Murphy*
                G. PATRICK MURPHY
                UNITED STATES DISTRICT JUDGE